UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN M. BARTLETT,<br><br>          Plaintiff,<br><br>     v.<br><br>STATE BAR OF CALIFORNIA and PHILLIP TREVINO,<br><br>          Defendants. | No. 2:19-cv-00330-MCE-AC<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.     Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain

something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

Plaintiff's complaint seeks to challenge an "administrative decision of the State Bar of California." ECF No. 1 at 1. Plaintiff alleges the State Bar improperly decided to close out the investigation into his compliant of criminal and ethical misconduct against his attorney, co-defendant Phillip Trevino, on June 23, 2017. Id. Plaintiff alleges he has already appealed the State Bar's decision to the Supreme Court of California and the United States Supreme Court, and both petitions for review were denied. Id. at 2. Plaintiff also states he previously filed this claim in this court and provided case number 2:18-cv-2598-TLN-DMC. Id. In that case, which was filed as a Petition for Writ of Habeas Corpus, findings and recommendations are pending that recommend the case be summarily dismissed. See Bartlett v. Penzone, 2:18-cv-2598-TLN-DMC, at ECF No. 12. Plaintiff alleges his rights against cruel and unusual punishment and deliberate indifference under the Eighth Amendment were violated. ECF No. 1 at 5. Plaintiff further alleges his rights under the Due Process Clause under the Fourteenth Amendment were violated. Id. at 8.

////

////

3

IV. Failure to State a Claim

The California State Bar Association's administrative decision to close a misconduct investigation into an attorney cannot be the basis of an Eighth Amendment claim or a Fourteenth Amendment Due Process claim, or any other claim of which the court is aware, and therefore plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6).

A. Eighth Amendment Prohibition on Cruel and Unusual Punishment

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). In order to prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). The California Bar Association's administrative decision to close a claim against an attorney can in no way violate the Eighth Amendment's prohibition on cruel and unusual punishment.

B. Eighth Amendment Protection Against Deliberate Indifference

The State has an obligation "to provide medical care for those whom it is punishing by incarceration." Estelle v. Gamble, 429 U.S. 97, 103 (1976). Accordingly, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Id., 429 U.S. 104. Such "deliberate indifference" to a prisoner's serious medical needs "states a cause of action under § 1983." Id., 429 U.S. at 105. In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id., 429 U.S. at 106. To prevail, plaintiff must show both that his medical needs were objectively "serious," Hudson v. McMillian, 503 U.S. 1, 9 (1992), and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991). The California Bar Association's administrative decision to close a claim

////

4

against an attorney can in no way violate the Eighth Amendment's protection against harm caused by deliberate indifference.

### C. Fourteenth Amendment Due Process Clause

Under the Due Process Clause of the Fourteenth Amendment, the state cannot "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A due process claim requires a constitutionally protected liberty or property interest. Ingraham v. Wright, 430 U.S. 651, 672 (1977). "Constitutionally protected liberty interests can arise under either state law or the Due Process Clause." Duffy v. Riveland, 98 F.3d 447, 456-57 (9th Cir. 1996) (citing Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987). The California Bar Association's administrative decision to close a claim against an attorney does not impact, in any way, any of plaintiff's constitutionally protected liberty or property interests.

## V. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, plaintiff cannot allege any set of facts that would support a federal claim based on the California State Bar Association's administrative decision to close an administrative complaint against plaintiff's attorney. This case therefore should be dismissed without leave to amend.

## VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately. It is recommended that your case be dismissed without leave to

////

5

amend because the facts you allege cannot support any cause of action over which this court has jurisdiction.

VII. <u>Conclusion</u>

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

IT IS FURTHER RECOMMENDED that this case be dismissed without leave to amend for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 1, 2019

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE