UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN M. BARTLETT,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE BAR OF CALIFORNIA and<br>PHILLIP TREVINO,<br><br>    Defendants. | No. 2:19-cv-00330-MCE-AC<br><br>ORDER |

Plaintiff, a state prisoner, was proceeding pro se in this action and was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 3. In accordance with 28 U.S.C. § 1915(b)(1) and (2), the court assessed plaintiff an initial partial filing fee and obligated plaintiff thereafter to make monthly payments until the statutory filing fee of $350.00 is paid in full. ECF No. 4. On April 26, 2019, judgment was entered dismissing the case, and the case was closed. ECF Nos. 6, 7. On April 29, 2019, plaintiff filed objections to the court's order for payment of the filing fee. ECF No. 9. On June 17, 2019, plaintiff filed a "motion to quash" the order for payment of the filing fee. ECF No. 10. He subsequently filed a proposed order granting the motion to quash and a request for a copy of the proposed order. ECF Nos. 11, 12.

Plaintiff's "motion to quash" must be denied. The assessment of an initial partial filing fee and the obligation to pay monthly installments are mandated by statute for prisoners filing

1

civil cases, and the court has no authority to waive these requirements. Section 1915(b)(1) provides, in relevant part, that "if a prisoner brings a civil action . . . , the prisoner shall be required to pay the full amount of a filing fee." Further, Section 1915(b)(2) requires the agency having custody of the prisoner to forward the monthly installments to the court "until the filing fees are paid." Even though this action has been dismissed, plaintiff must still pay the full filing fee pursuant to Section 1915(b), and the monthly payments from his inmate account will continue until the balance is paid in full.

Accordingly, plaintiff's motion to quash (ECF No. 10) is DENIED. Given that this case is closed and that motions to quash filing fee orders cannot be granted, the court also declines to provide plaintiff a copy of the proposed order.

IT IS SO ORDERED.

DATED: June 28, 2019.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE