'

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN M. BARTLETT, | No. 2:19-cv-00330-MCE-AC |
| Plaintiff, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| STATE BAR OF CALIFORNIA and PHILLIP TREVINO, | |
| Defendants. | |

Plaintiff proceeded in this matter pro se, and accordingly this matter was referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff, a state prisoner, was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 3. In accordance with 28 U.S.C. § 1915(b)(1) and (2), the court assessed plaintiff an initial partial filing fee and obligated plaintiff thereafter to make monthly payments until the statutory filing fee of $350.00 is paid in full. ECF No. 4. On April 26, 2019, judgment was entered dismissing the case, and the case was closed. ECF Nos. 6, 7. On April 29, 2019, plaintiff filed objections to the court's order for payment of the filing fee. ECF No. 9.

On June 17, 2019, plaintiff filed a "motion to quash" the order for payment of the filing fee. ECF No. 10. He subsequently filed a proposed order granting the motion to quash and a request for a copy of the proposed order. ECF Nos. 11, 12. Plaintiff's "motion to quash" was denied by the undersigned. ECF No. 13. As discussed in that order, the assessment of an initial

partial filing fee and the obligation to pay monthly installments are mandated by statute for prisoners filing civil cases, and the court has no authority to waive these requirements. Section 1915(b)(1) provides, in relevant part, that "if a prisoner brings a civil action . . . , the prisoner *shall be required* to pay the full amount of a filing fee." Id. (emphasis added). Further, Section 1915(b)(2) requires the agency having custody of the prisoner to forward the monthly installments to the court "until the filing fees are paid." Even though this action has been dismissed, plaintiff must still pay the full filing fee pursuant to Section 1915(b), and the monthly payments from his inmate account will continue until the balance is paid in full.

On February 18, 2020, plaintiff filed a Motion to Terminate the Order Directing Prisoner Payment. ECF No. 20. The undersigned denied the motion, noting that plaintiff's case had been closed on April 26, 2019 and that the fee issue had already been addressed in the order at ECF No. 13. ECF No. 21. Plaintiff appealed and the Ninth Circuit reversed and remanded, finding that the order at ECF No. 21 was a dispositive post-judgment order that the magistrate judge lacked authority to issue. See Columbia Record Productions v. Hot Wax Records, Inc., 966 F.2d 515, 516-17 (9th Cir. 1992)

It is therefore RECOMMENDED that the orders issued at ECF No. 13 and ECF No. 20 be adopted in full. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 31, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE